UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE HOWARD,

    Plaintiff,

v.

CASE NO. 10-CV-11470

HON. GEORGE CARAM STEEH

BETH GARDON, SCOTT CHADWELL, DEBRA SCUTT, ALFRED JONES, VALERIE LASHLEY, RICHARD RUSSELL, and PATRICIA CARUSO,

    Defendants.

_____/

## ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (#28) AND AFFIRMING ORDER GRANTING PLAINTIFF'S MOTION FOR DISCOVERY (#27)

Plaintiff Bruce Howard, a prisoner currently incarcerated at the Kinross Correctional Facility in Michigan's Upper Peninsula, filed this prisoner civil rights case on April 13, 2010. On July 30, 2010, defendants Gardon, Chadwell, Scutt, Lashley, and Caruso filed a motion for dismissal and/or summary judgment. The matter has been fully briefed. On February 10, 2011, the magistrate judge filed a report and recommendation. The magistrate judge recommends finding: (1) defendants Gardon, Chadwell, and Lashley are not entitled to summary judgment on the basis that plaintiff failed to exhaust his administrative remedies; (2) defendants Gardon, Chadwell, and Lashley are not entitled to dismissal based on plaintiff's failure to state claims of retaliation, deliberate indifference, fraud and/or conspiracy against them; (3) defendants Scutt and Caruso are entitled to dismissal based upon plaintiff's failure to state a claim

upon which relief may be granted; (4) defendants Jones and Russell are entitled to *sua sponte* dismissal based upon plaintiff's failure to state a claim of fraud against them; and (5) defendants' request for an award of costs is premature. On the same day, the magistrate judge entered an order granting, as unopposed, plaintiff's renewed motion for discovery. The magistrate judge found that plaintiff made an effort to serve his discovery requests in accordance with Federal Rule of Civil Procedure 34, that plaintiff claimed the requested documents would provide substantial evidence relevant to defendants' motion for dismissal/summary judgment, and that defendants failed to respond to the motion.

On February 14, 2011, defendants filed an objection to the order granting plaintiff's renewed motion for discovery. Defendants note that the motion for discovery was a renewed motion for discovery following an order by the magistrate judge construing plaintiff's original motion as "akin to a Fed. R. Civ. P. 56(f) affidavit" and ordering that plaintiff may renew his request by showing that the requests were properly served on defendants. Because the motion was construed as a Rule 56(f) affidavit (or, since December 10, 2010, a Rule 56(d) affidavit), defendants argue it was improper for the magistrate judge to grant the motion for discovery at the same time he ruled on the motion for summary judgment. Defendants argue the determination of the motion for summary judgment defeats the need for additional discovery.

On February 24, 2011, defendants filed objections to the magistrate judge's report and recommendation. Defendants argue: (1) the magistrate judge erred in concluding that plaintiff exhausted his administrative remedies as to defendants Gardon and Chadwell; and (2) the magistrate judge erred in concluding plaintiff exhausted his

administrative remedies as to defendant Lashley as Lashley was not named in plaintiff's Step 1 grievance.

This court does not conclude the magistrate judge's discovery order conflicts with his report and recommendation on the motion for dismissal/summary judgment. In his report and recommendation, the magistrate judge merely found that defendants had not met their burden of showing summary judgment was appropriate on the basis that plaintiff failed to exhaust his administrative remedies. The magistrate judge noted evidence presented by plaintiff to counter defendants' evidence, including evidence that he sent a Step II grievance and evidence that his Step III grievance enclosed his Step II grievance and stated he had not received a response to his Step II grievance. The magistrate judge also noted defendants' failure to address the specific issue of exhaustion as to defendant Lashley; that is whether, under the particular circumstances presented, MDOC policy would have required a new Step 1 grievance filed against defendant Lashley, would have addressed plaintiff's Step II and Step III mention of Lashley in an "additional investigation," and/or would have rejected a new grievance as to Lashley as duplicative. In light of the February 10, 2010 order requiring that defendants provide plaintiff with requested discovery helpful in resolving the exhaustion dispute, this court construes the report and recommendation as supporting a denial of defendants' motion for summary judgment on the exhaustion argument *without prejudice*. Rule 56(d) allows the court to deny a motion for summary judgment, as an alternative to deferring the motion or allowing additional time, when the nonmovant shows by affidavit that he cannot present facts essential to his opposition. Here, plaintiff represented that the requested discovery will help the court determine the issues

presented in defendants' motion for summary judgment. After exchanging the discovery ordered by the magistrate judge, if appropriate, defendants Gardon, Chadwell, and Lashley may bring a motion for summary judgment as to the exhaustion requirement.

For the reasons stated above, the court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation as its findings and conclusions in this matter. Defendants Gardon, Chadwell, and Lashley's request for summary judgment as to the exhaustion requirement is DENIED without prejudice; defendants Gardon, Chadwell, and Lashley's request for dismissal for failure to state a claim is DENIED; defendants Scutt and Caruso's request for dismissal for failure to state a claim is GRANTED; the claims against defendants Jones and Russell are DISMISSED *sua sponte*; and defendants' request for an award of costs is DENIED without prejudice.

In addition, the court AFFIRMS the magistrate judge's order granting plaintiff's motion for discovery. Defendants shall provide their responses to the discovery requests within 30 days of this order.

SO ORDERED.

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: March 8, 2011

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on March 8, 2011, by electronic and/or ordinary mail and also to Bruce Howard #233473, Kinross Correctional Facility, 16770 S. Watertower Drive, Kincheloe, MI 49788.

S/Josephine Chaffee
Secretary/Deputy Clerk
