UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE HOWARD,

       Plaintiff,                      CASE NO. 10-CV-11470

v.

                                       HON. GEORGE CARAM STEEH
                                       MAG. JUDGE LAURIE J. MICHELSON

BETH GARDON *et al*,

       Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION TO STRIKE (Dkt. 44)**

In lieu of an Answer to Plaintiff's Complaint, Defendants' Gardon, Chadwell and Lashley filed a motion for dismissal and/or summary judgment based on failure to state a claim upon which relief can be granted and failure to exhaust administrative remedies. (Dkt. 9.) After that Motion was denied, Defendants filed their Answer and Affirmative Defenses ("Answer"). (Dkt. 41.) Plaintiff has moved to strike certain of the asserted affirmative defenses that appear in the Answer. All pretrial matters have been referred to this Court. (Dkts. 32, 33.) For the reasons set forth below, the Court RECOMMENDS that Plaintiff's Motion be DENIED.[1]

**Background**

Plaintiff Bruce Howard, a prisoner currently incarcerated at the Kinross Correctional Facility in Michigan's Upper Peninsula, filed this prisoner civil rights case on April 13, 2010. Defendants

---

[1] "A motion to strike an affirmative defense is generally considered to be a dispositive motion and thus, the undersigned has prepared a report and recommendation, rather than an order." *Jeeper's of Auburn, Inc. v. KWJB Enter., L.L.C.,* No. 10-13682, 2011 U.S. Dist. LEXIS 53492, at *2 n.1 (E.D. Mich. Mar. 16, 2011).

characterize Plaintiff's complaint as alleging that Defendants "with willful and deliberate indifference denied [Plaintiff], who has the auto-immune disorder Lupus, a request to have his family purchase an air mattress for him, denied a request for his family to buy him bottled water, and that [he] was transferred to [KCF] in Michigan's Upper Peninsula in retaliation for the numerous medical treatment requests he made while at the [JCF]." (Dkt. 9 at 9.)  On July 30, 2010, Defendants Gardon, Chadwell, Scutt, Lashley, and Caruso filed a motion for dismissal and/or summary judgment. (Dkt. 9.)  On February 10, 2011, Magistrate Judge Komives issued a report and recommendation on this motion. (Dkt. 28.)  Following objections, Judge Steeh issued an opinion accepting and adopting the Magistrate Judge's report and recommendation as to its findings and conclusions, including that (1) Defendants Gardon, Chadwell and Lashley's request for summary judgment as to the exhaustion requirement be denied without prejudice and (2) Defendants Gardon, Chadwell, and Lashley's request for dismissal for failure to state a claim be denied.  (Dkt. 31.)  Judge Steeh also ruled that "[a]fter exchanging the discovery ordered by the magistrate judge, if appropriate, defendants Gardon, Chadwell, and Lashley may bring a motion for summary judgment as to the exhaustion requirement." (*Id.* at 4.).

As a result of Judge Steeh's Order (and following reassignment of the case), this Court issued a scheduling order providing dates by which the remaining Defendants were to file Answers to the Complaint and any follow-up dispositive motion on the exhaustion issue.  (Dkt. 38.)  Defendants filed their Answer and Affirmative Defenses on July 8, 2011.  (Dkt. 41.)  Plaintiff then filed the current Motion to Strike the following affirmative defenses:

> 1. Defendants are immune from suit.  In their individual capacities, Defendants are entitled to qualified immunity.
>
> 2. Plaintiff's claims may be barred in whole or in part because

2

>           the State of Michigan and its management and supervisors
>           cannot be held vicariously liable for acts of employees
>           under 42 U.S.C. § 1983.
>
>   3.      Defendants are immune from state tort liability under
>           M.C.L. 691.1407.
>
>   5.      Defendants reserve the right to set forth additional
>           affirmative defenses that may become known through
>           discovery or other means

(Dkt. 44 at ECF 2-3.) Plaintiff contends that these affirmative defenses have been improperly raised and should be dismissed pursuant to Federal Rule of Civil Procedure 12(f). (*Id.* at ECF 3.)

**Analysis**

Pursuant to Federal Rule of Civil Procedure 8(c)(1), a party must set forth affirmative defenses in a responsive pleading. Pursuant to Federal Rule of Civil Procedure 12(f) "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Motions to strike affirmative defenses under Rule 12(f) are addressed to the court's discretion, although they are generally disfavored." *Zamboroski v. Karr*, No. 04-73194, 2005 WL 2314011 at *1 (W.D. Mich. Sept. 22, 2005). It is "well established that the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953). "[A] motion to strike should only be granted if there is a clear showing that the challenged defense has no bearing on the subject matter and that permitting the defense to stand would prejudice the plaintiff." *Beattie v. CenturyTel, Inc.*, 234 F.R.D. 160, 174 (E.D. Mich. 2006).

Plaintiff seeks to have Defendants' affirmative defenses 1, 2, 3 and 5 stricken not because they are inadequate or unrelated to the subject matter of the case, but because Defendants did not

3

raise them in their initial motion to dismiss and/or for summary judgment. (Dkt. 44 at ECF 3.)[2] Plaintiff's argument seems to be that these "immunity" based defenses have been waived and/or their omission from the initial motion to dismiss required leave of court to now raise them. (*Id.*).

The Sixth Circuit has held that the defense of qualified immunity must be affirmatively pleaded or it is waived – but only "for the stage [of the case] at which the defense should have been asserted." *English v. Dyke*, 23 F.3d 1086, 1090 (6th Cir. 1994). The Court explained as follows:

> "Since immunity must be affirmatively pleaded, it follows that failure to do so can work a waiver of the defense." The defense is subject to the same procedural rules as other defenses. Thus, as this Court recently held in an unpublished opinion, a failure to assert the defense in a pre-answer motion to dismiss waives the right to raise the issue in a second *pre-answer* motion to dismiss . . . . Moreover, the trial court has discretion to find a waiver if a defendant fails to assert the defense within time limits set by the court or if the court otherwise finds that a defendant has failed to exercise due diligence or has asserted the defense for dilatory purposes. Such a waiver, however, need not waive the defense for all purposes but would generally only waive the defense for the stage at which the defense should have been asserted. Thus, for example, a defendant who fails to timely assert the defense prior to discovery may waive the right to avoid discovery but may nonetheless raise the issue after discovery on summary judgment or at trial.

*Id.* at 1090 (citations omitted). The Court went on to explain the applicability of Fed. R. Civ. P. 12(g):

> As this Court previously observed:
>
>> [Fed. R. Civ. P.] 12(g) contemplates the presentation of an omnibus pre-answer motion in which defendant advances every available Rule 12 defense and objection he may have that is assertable by motion. He cannot delay the filing of a responsive pleading by

---

[2] The Court notes that Defendants did argue in their initial motion that the Plaintiff failed to adequately plead qualified immunity.

> interposing these defenses and objections in piecemeal fashion but must present them simultaneously. Any defense that is available at the time of the original motion but is not included, may not be the basis of a second *pre-answer* motion.
>
> *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir. 1978) (emphasis added). Thus, defendants waived any right to raise their immunity defense in a second pre-answer motion to dismiss. *See Swart*, 1993 U.S. App. LEXIS 26632, 1993 WL 406802, at * 3.
>
> Although we have held that a defendant may challenge the sufficiency of a complaint on the basis of qualified immunity before filing a formal affirmative defense in his answer, requiring that it must be raised in a pre-answer motion is, we believe, unjustified and contrary to the orderly application of the rule.

*Id.*

In sum, while Defendants may not be able to file another motion to dismiss based upon their newly asserted affirmative defenses, Defendants may still raise those defenses in the Answer and in post-Answer proceedings. *Id.; see also Abel v. Harp,* 278 F. App'x 642, 648 (6th Cir. 2008) ("Defendants' omission of qualified immunity in their pre-answer motion to dismiss, in and of itself, does not constitute a waiver of the defense."); *Swart,* 1993 WL 406802, at *3 ("While defendants could still raise qualified immunity in their answer, in a motion for judgment on the pleadings, in a summary judgment motion, or at trial, they could not raise the defense in a second pre-answer motion to dismiss."). Accordingly, the Court does not find that the drastic remedy of striking Defendants' affirmative defenses from the Answer is warranted.

### **Conclusion**

The Defendants' failure to assert certain defenses in their pre-answer motion to dismiss does not eliminate the applicability of these defenses from the case. For the reasons set forth above, therefore, the Court RECOMMENDS that Plaintiff's Motion to Strike be DENIED.

**Filing Objections To This Report**

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. A copy of any objections is to be served upon this magistrate judge. E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

                s/Laurie J. Michelson
                LAURIE J. MICHELSON
                UNITED STATES MAGISTRATE JUDGE

Dated: August 24, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 24, 2011.

                s/J. Johnson
                Deputy Clerk