UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE HOWARD,

              Plaintiff,                        CASE NO. 10-11470

v.

                                           HON. GEORGE CARAM STEEH
                                           MAG. JUDGE LAURIE J. MICHELSON

BETH GARDON *et al*,

              Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. 45)**

Plaintiff Bruce Howard, a prisoner currently incarcerated at the Kinross Correctional Facility in Michigan's Upper Peninsula, filed this prisoner civil rights case on April 13, 2010. Defendants characterize Plaintiff's complaint as alleging, among other things, that Plaintiff "was transferred to [Kinross] . . . in retaliation for the numerous medical treatment requests he made while at the [Jackson Correctional Facility]." (Dkt. 9 at 9.) On July 30, 2010, Defendants Gardon, Chadwell, Scutt, Lashley, and Caruso filed a motion for dismissal and/or summary judgment. (Dkt. 9.) On February 10, 2011, Magistrate Judge Komives issued a report and recommendation on this motion. (Dkt. 28.) Following objections, Judge Steeh issued an opinion accepting and adopting the Magistrate Judge's report and recommendation as to its findings and conclusions, including that Defendants Gardon, Chadwell, and Lashley's request for summary judgment as to the exhaustion requirement be denied without prejudice. (Dkt. 31.) Judge Steeh also ruled that "[a]fter exchanging the discovery ordered by the magistrate judge, if appropriate, defendants Gardon, Chadwell, and Lashley may bring a motion for summary judgment as to the exhaustion requirement." (*Id.* at 4.) Taking a very liberal view of the qualifier "if appropriate," Defendants Gardon, Chadwell and

Lashley filed the present Motion for Summary Judgment on exhaustion.  (Dkt. 45.)  Plaintiff filed a Response on September 28, 2011.  (Dkt. 51.)  All pretrial matters have been referred to this Court.  (Dkts. 32, 33.)   Because Defendants have merely made the same argument as in their prior dispositive motion on the issue of exhaustion, the Court RECOMMENDS that Defendants' Motion be DENIED.

### 1.   **Background**

Plaintiff has been housed at several MDOC facilities.  While at the G. Robert Cotton facility in Jackson, Michigan ("JCF"), Plaintiff, who suffers from Lupus, had several flare-ups of his medical condition resulting in his submission of several medical kites.  (Dkt. 28, Feb. 10, 2011 Report and Recommendation ("R&R") at 3-4.)  The remaining Defendants are/were JCF employees: Beth Gardon – Health Unit Manager; Scott P. Chadwell – Assistant Resident Unit Supervisor; and Valerie Lashley – Transfer Coordinator.  On September 24, 2009, Plaintiff was transferred from JCF to the Kinross Correctional Facility ("KCF") in the Upper Peninsula ("UP").  (Dkt. 1, Compl. at 2.)  Plaintiff claims that the cold weather in the UP and lack of access to a rheumatologist adversely affected his health.  (*Id*.)  In his § 1983 lawsuit he "basically alleges that Lashley (the JCF Transfer Coordinator) fraudulently represented that plaintiff's September 24, 2009 transfer from JCF to KCF was for security reasons in an attempt to cover up Gardon and Chadwell's 'conspiracy to have plaintiff transferred to KCF . . . .'" (Dkt. 28, R&R at 10.)

On July 30, 2010, Defendants Gardon, Chadwell and Lashley filed their initial motion for dismissal and/or summary judgment arguing that Plaintiff's claims against them should be dismissed because Plaintiff did not file and exhaust any grievances against them. (Dkt. 9 at ECF 6, 9.)  More specifically, Defendants argued that Plaintiff did not file a grievance against Gardon for allegedly

failing to respond to Plaintiff's August 27, 2009 and September 16, 2009 health care kites (pertaining to the denials of Plaintiff's requests to have his family purchase an air mattress for him and for bottled water due to his auto-immune disorder).  Additionally, Defendants argued that Plaintiff did not file a Step III grievance against Gardon, Lashley or Chadwell for their alleged involvement in his transfer to Kinross. (Dkt. 9 at ECF 9-10.)  Thus, Defendants claimed that "Plaintiff did not file and exhaust any grievances through to Step III against any of the named Defendants regarding any of the allegations contained in the complaint."  (*Id.* at ECF 12.)  In support, Defendants relied on a July 29, 2010 affidavit of Richard B. Stapleton, the Administrator for the MDOC Office of Legal Affairs, that states:

> I have caused a search of the database and grievance files relevant to step III grievance appeals filed by the plaintiff. This search revealed that the plaintiff has filed one grievance through to step III dated 4/24/2009. The plaintiff has not filed any grievances through to step III during August and September 2009 while he was housed at G. Robert Cotton Correctional Facility or Kinross Correctional Facility.

(*Id.*, Ex. 2, ¶ 14.)

Magistrate Judge Komives recommended that Defendants' Motion be denied because there were fact issues as to whether Plaintiff exhausted his grievance regarding his transfer to KCF.  (*See generally*, Dkt. 28, R&R.)   The Report and Recommendation specifically mentions the following – which were supported by Plaintiff's affidavit and other evidence:

- Plaintiff completed a Step I grievance on or about September 25, 2009 regarding a September 24, 2009 incident (i.e., the transfer to KCF) that was received at Step I on November 10, 2009 and responded to on November 17, 2009. (Dkt. 13, Pl. Resp. Mot. to Dismiss or for Summ. J., Exs. A and B.)

- After Plaintiff requested, but did not receive a Step II grievance appeal form, on December 14, 2009 he mailed his self-drafted Step II grievance appeal form, along with copies of his Step I grievance and Step I grievance response to JCF.  (*Id.*, Ex. D.)

3

• On or about January 20, 2010, Plaintiff mailed a self-drafted Step III grievance appeal form, along with a copy of his Step II grievance appeal form, his Step I grievance form and the response to his Step I grievance to the Step III Grievance Coordinator. (*Id.* at Ex. E.) This submission mentioned that Plaintiff had not received a response to his Step II grievance appeal. Plaintiff also has disbursement forms that support the mailing. (Dkt. 51, Pl. Resp. at 5.)

• On January 25, 2010, Plaintiff's grievance was returned for him to "file at the facility" – i.e., the Acting Manager of the Grievance and Appeal section advised Plaintiff that "grievances may not be filed directly to Step III." (*Id.*, Ex. F.)

(*Id.*)

In adopting Magistrate Judge Komives' report and recommendation to deny the Defendants'

Motion on the issue of exhaustion, Judge Steeh ruled as follows:

> This court does not conclude the magistrate judge's discovery order conflicts with his report and recommendation on the motion for dismissal/summary judgment. In his report and recommendation, the magistrate judge merely found that defendants had not met their burden of showing summary judgment was appropriate on the basis that plaintiff failed to exhaust his administrative remedies. The magistrate judge noted evidence presented by plaintiff to counter defendants' evidence, including evidence that he sent a Step II grievance and evidence that his Step III grievance enclosed his Step II grievance and stated he had not received a response to his Step II grievance. . . . In light of the February 10, 2010 order requiring that defendants provide plaintiff with requested discovery helpful in resolving the exhaustion dispute, this court construes the report and recommendation as supporting a denial of defendants' motion for summary judgment on the exhaustion argument *without prejudice* . . . . Here, plaintiff represented that the requested discovery will help the court determine the issues presented in defendants' motion for summary judgment. After exchanging the discovery ordered by the magistrate judge, if appropriate, defendants Gardon, Chadwell, and Lashley may bring a motion for summary judgment as to the exhaustion requirement.

(Dkt. 31 at 3-4) (emphasis in original).

On August 8, 2011, Defendants Gardon, Chadwell and Lashley filed another Motion for

Summary Judgment contending that Plaintiff had failed to exhaust his administrative remedies as a matter of law.  The Motion, however, does not reference any new discovery nor does it raise any new arguments.

  2. **Analysis**

  Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is material only if it might affect the outcome of the case under the governing law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  On a motion for summary judgment, the court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Eward*, 241 F.3d 530, 531 (6th Cir. 2001).

  The moving party may discharge its initial summary judgment burden by "pointing out to the district court . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (explaining that the moving party may carry its summary judgment burden without "produc[ing] evidence showing the absence of a genuine issue of material fact, even with respect to an issue on which the nonmoving party bears the burden of proof").  If the moving party does so, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587.  The Court must determine whether the evidence presents a sufficient factual disagreement to require submission of the challenged claims to a jury, or whether the evidence is so one-sided that the moving party must prevail as a matter of law. *Anderson*, 477 U.S. at 252 ("The mere existence of

a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").

Here, the entirety of Defendants' argument for summary judgment is that "The MDOC Prisoner Step III Grievance Report for Plaintiff confirms that he has not filed any Step III grievances regarding the allegations in this case. *See* Exhibit 2 (affidavit of Richard Stapleton, with attached printout). Thus, Plaintiff did not 'properly' exhaust his administrative remedies, as required by *Woodford [v. Ngo,* 548 U.S. 81, 90 (2006)]." (Def. Mot. at ECF 13.)  But this is the very same argument that Defendants made in their prior motion and involves the same evidence on which Judge Steeh found that a fact issue precluded summary judgment.  Indeed, the supporting affidavit of Mr. Stapleton is the same July 29, 2010 affidavit that Defendants relied on and attached to their initial motion.  The invitation to file a renewed motion was based on the possibility that additional discovery might resolve the factual issues related to exhaustion.  But Defendants' Motion makes no reference to any such discovery.

**3.    Conclusion**

Accordingly, because the Defendants have merely raised the same argument, with the same evidence that the District Court has already found to be insufficient for summary judgment, this Court RECOMMENDS that Defendants' Motion for Summary Judgment on the issue of exhaustion be DENIED.

Likely anticipating this result, Defendants have requested leave to file yet another dispositive motion, this time on the merits of Plaintiff's claims.  The Court has some concerns about the piece-meal fashion in which the Defendants are litigating this case which Local Rule 7.1(b)(2) was designed to try to prevent.  To the extent, however, that Defendants interpreted the June 9, 2011

6

Scheduling Order as limiting the scope of any further dispositive motion to the issue of exhaustion, the Court will give them 21 days from the date of the District Judge's Order on this Report and Recommendation to file any final summary judgment motion on the merits of Plaintiff's claims against them.

### 4.   Filing Objections To This Report

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

Date: October 3, 2011                                    s/Laurie J. Michelson
                                                         Laurie J. Michelson
                                                         United States Magistrate Judge

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on October 3, 2011.

s/Jane Johnson _____
Deputy Clerk